IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| TRALAN DEVONTE JOVONNI DUPREE CARR, | |
|---|---|
| Plaintiff, | 8:21CV117 |
| vs. | MEMORANDUM AND ORDER |
| PATRICIA TRUE, LARRY SOBLER, JULIE BATENHORST, ANDREW CORBIN, HUNTER LEWIS, ALYSSA COLVER, BONNIE BERGLAND, CHRIS LUEBE, TODD PHELPS, CHERYL HEIMAN, MARSHA SCHWARTZ, and DR. JUVET CH'E, | |
| Defendants. | |

Before initial review of Plaintiff's Complaint has occurred, Plaintiff has filed a Motion for Injunction and/or Restraining Order (Filing 12), stating that "Defendants continue to put restrictions on my 1st amendment and causing [psychological] damage." Specifically, Defendants will not allow Plaintiff to see his girlfriend until they inform her about Plaintiff's history. Plaintiff claims that "Due to several reports of retaliation in the past and now this new one irreparable harm is clear to continue happening and request of 'TRO' is justified." (Filing 12.)

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's motion for injunctive relief. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id.* at 114.

"No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United*

*Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113. The burden of proving that a preliminary injunction should be issued rests entirely with the movant. *Modern Computer Systems v. Modern Banking Systems*, 871 F.2d 734, 737 (8th Cir. 1989) (en banc) (superseded by state statute on other grounds).

Here, the court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. Plaintiff's motion for injunctive relief does not set forth any argument or evidence showing any probability that he will succeed on the merits of the Complaint. Furthermore, Plaintiff has not filed an affidavit or verified complaint clearly showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," Fed. R. Civ. P. 65(b), as he is required to do when requesting injunctive relief without notice to the defendants. In light of this, and in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Injunction and/or Restraining Order (Filing 12) is denied.

DATED this 20th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge