IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRALAN DEVONTE JOVONNI DUPREE CARR, | |
| Plaintiff, | 8:21CV117 |
| vs. | |
| PATRICIA TRUE, LARRY SOBLER, JULIE BATENHORST, ANDREW CORBIN, HUNTER LEWIS, ALYSSA COLVER, BONNIE BERGLAND, CHRIS LUEBE, TODD PHELPS, CHERYL HEIMAN, MARSHA SCHWARTZ, and DR. JUVET CH'E, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff, a patient at the Norfolk Regional Center ("NRC"), has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues several NRC staff members—who are Plaintiff's "treatment team"—in their individual capacities pursuant to 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights. Plaintiff alleges that in March 2021, the Defendants placed a telephone restriction on him that allowed the Defendants to "listen in to my phone calls and to violate my privacy." (Filing 1 at CM/ECF p. 7.) That same month, Plaintiff was prohibited from having personal or Skype visits with his girlfriend because Plaintiff would be "manipulating a fellow peer because she

was his sister." (*Id*.) Plaintiff requests $300,000 per Defendant and a "full pardon." (Filing 1 at CM/ECF p. 5.)

In motions filed after his Complaint, Plaintiff requests that several other defendants and claims be added to this lawsuit. (Filings 6, 8, 9, 10, 11.)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff complains about two conditions of his confinement at the Norfolk Regional Center—restrictions on his telephone use and visitation by his girlfriend.

## A.  Telephone Restriction

"Any form of involuntary confinement, whether incarceration or involuntary commitment, may necessitate restrictions on the right to free speech." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1038-39 (8th Cir. 2012) (internal quotation marks and citations omitted). In *Beaulieu*, the parties agreed that the standard set forth in *Turner v. Safley*, 482 U.S. 78 (1987), applied in determining the constitutionality of a policy limiting the telephone usage of civilly committed patients, and the court applied that standard:

> (1) whether there is a valid, rational connection between the regulation and legitimate governmental interests put forward to justify it; (2) whether alternative means of exercising their rights remain open to the prisoners; (3) whether accommodation of the asserted rights will trigger a "ripple effect" on fellow inmates and prison officials; and (4) whether a ready alternative to the regulation would fully accommodate the prisoners' rights at de minimis cost to the valid penological interest.

*Beaulieu*, 690 F.3d at 1039 (internal quotation marks and citation omitted). *See also Bennett v. Turner*, No. C15-4197, 2015 WL 9165926, at *5 (N.D. Iowa Dec. 16, 2015) (applying *Turner v. Safley* factors to First Amendment claim by civilly committed plaintiff challenging telephone-use restrictions; noting courts' holdings that prisons and hospitals have great latitude to restrict telephone access and very rigid restrictions are permissible as long as detainees can still "communicate with the outside world").

Here, Plaintiff has not identified the details of the specific policy at issue, nor is the court able to apply the *Turner* factors based on Plaintiff's allegations alone. Nevertheless, Plaintiff's allegations raise a plausible claim that his First Amendment rights might be violated by an overly restrictive telephone policy, and this claim will be allowed to proceed. *See Karsjens v. Jesson*, 6 F. Supp. 3d 916, 939 (D. Minn. 2014) (civilly committed plaintiffs raised plausible claim that First Amendment rights may be violated by overly restrictive policies limiting phone use despite fact that plaintiff had not identified specific policy at issue and court could not apply *Turner* factors at pleading stage); *Williams v. Johnston*, No. CIV. 14-369, 2015 WL 1333991, at *7 (D. Minn. Jan. 28, 2015), *report and recommendation adopted,* No. CIV. 14-369, 2015 WL 1334015 (premature to analyze *Turner* factors on motion to dismiss; discovery necessary to identify context and objectives of policy).

## B.  Visitation Restriction

"Although the jurisprudence regarding the extent of a civil detainee's right to visitation through the First Amendment is far from settled, the case law indicates that some version of such a right exists . . . ." *Meyer v. Stacken*, No. 17-CV-1761, 2019 WL 4675353, at *3 (D. Minn. July 25, 2019), *report and recommendation adopted,* No. CV 17-1761, 2019 WL 4673941 (D. Minn. Sept. 25, 2019) (First Amendment and due process challenge to state sex-offender program's prohibition of visitation by civilly committed detainee's niece); *Williams*, 2015 WL 1333991, at *8-9 (First Amendment and due process challenge to state sex-offender program's prohibition of visitation by civilly committed detainee's daughter and granddaughter; "it is clear to this Court that Plaintiff has at least some right of association under the First Amendment, even though he is civilly committed").

For purposes of initial review, I conclude that Plaintiff has pled a cognizable claim that Defendants violated his right to association under the First Amendment. Whether the prohibition of visitation by Plaintiff's girlfriend will survive the *Turner* test is a matter to be determined during motion practice. *Williams*, 2015 WL

1333991, at *7 (premature to analyze *Turner* factors on motion to dismiss; discovery necessary to identify context and objectives of policy).[1]

### C. Motions to Amend

Plaintiff has filed numerous motions to add various defendants and claims to this lawsuit, including his placement in segregation, involuntary injection of drugs, unjustified scoring compared with other patients, discriminatory treatment due to race, restrictions on access to money, retaliation, and exclusion from the treatment decision-making process. (Filings 6, 8, 9, 10, 11.) As to many of Plaintiff's proposed claims, it is not clear which Defendants and proposed Defendants allegedly committed which acts. (*See* Filing 11 at CM/ECF p. 2 ("the above defendants w[ere] part of the second forced injection as well as some of the original complaint defendants"); Filing 11 at CM/ECF pp. 1-2 (alleging that 17 defendants participated in one forced injection of drugs; "the above [five newly named] defendants and original [12] defendants come and force injected me with drugs"); Filing 6 at CM/ECF p. 1 (alleging that Plaintiff's "treatment team," which consists of 12 defendants, "restrained me to a chair and forced 2 injections of drugs in me").)

In order to assert a section 1983 claim, the "plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has

---

[1] To the extent Plaintiff's reference to the Fourteenth Amendment is meant to allege a substantive due process claim, such claim will not be considered because it is simply a "carbon copy" of Plaintiff's First Amendment claim, in which case the due process claim falls away. *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (where particular constitutional amendment "provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims" (internal quotation marks and citation omitted)); *Matthews v. McNeil*, 821 F. App'x 666, 667 n.3 (8th Cir. 2020) (unpublished) ("The Supreme Court has been clear, however, that when a more specific constitutional provision like the Fourth Amendment applies, the substantive-due-process claim falls away.")

violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added); *see also Manning v. Cotton*, 862 F.3d 663, 668 (8th Cir. 2017) ("a person may be held personally liable for a constitutional violation only if his *own* conduct violated a clearly established constitutional right") (internal quotation marks and citation omitted); *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) ("To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights.") (citation omitted). Here, Plaintiff's proposed allegations do not adequately state a section 1983 claim because it is unclear which Defendants have personally violated Plaintiff's constitutional rights.

Further, in the absence of allegations which specify which Defendant committed which allegedly unconstitutional acts, the court cannot determine whether Plaintiff's proposed amendments to the Complaint comply with the Federal Rules of Civil Procedure.

While a plaintiff may join in one action as many claims as he has against a single defendant, *see* Fed. R. Civ. P. 18(a), "[i]n actions where more than one defendant is named, such as the one at bar, the analysis under Rule 20 precedes that under Rule 18." *Houston v. Shoemaker*, No. 2:16-CV-36-CDP, 2017 WL 35699, at *2 (E.D. Mo. Jan. 4, 2017). Rule 20 provides in part: "Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action *only if* plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed.) (emphasis added). "All 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Without knowing which Defendants

6

committed which acts, the court cannot determine whether Plaintiff has asserted at least one claim that arises out of the same transaction or occurrence and presents questions of law or fact common to all Defendants, as required by Rule 20.

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g., Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). "Requiring *pro se* prisoners to adhere to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s],' avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the PLRA's three strikes rule." *Evans v. Deacon*, No. 3:11-CV-00272-ST, 2016 WL 591758, at *7 (D. Or. Feb. 12, 2016) (quoting *George v. Smith*, 507 F.3d 605, 607 (9th Cir. 2007)) (citations omitted). Unrelated claims involving different defendants belong in different suits. *George*, 507 F.3d at 607 (holding that state prisoner's § 1983 action asserting 50 claims against 24 defendants should have been brought as separate actions, since defendants did not participate in the same transaction or series of transactions, and question of fact was not common to all defendants).

"Misjoinder of parties is not a ground for dismissing an action," but the court on its own may "drop a party" or "sever any claim against a party" in order to eliminate the misjoinder. Fed. R. Civ. P. 21. Rather than dropping parties or severing claims on its own at this time, the court will give Plaintiff an opportunity to file an amended complaint that complies with Rule 20(a)(2). Plaintiff is warned that upon screening the amended complaint, the court will consider whether any unrelated claims should be severed. If Plaintiff's amended complaint sets forth unrelated claims, and the court decides severance is appropriate, **Plaintiff will be required to prosecute unrelated claims in separate actions, and he will be required to pay a separate filing fee for each separate action unless he is permitted to proceed in forma pauperis.** *See Morrow v. Straughn*, No. 5:13CV00135, 2014 WL 1389091, at *1 (E.D. Ark. Apr. 9, 2014) (in § 1983 suit challenging limits on access to prison

7

library and legal publications and materials, plaintiff could not properly join under Fed. R. Civ. P. 20(a)(2) two new defendants and claims for access to courts, freedom of religion, and retaliation because such claims were "factually and legally unrelated to the claims currently pending against the Defendants named in this lawsuit").

In filing his amended complaint, the Plaintiff should remember that the Federal Rules of Civil Procedure also require parties to formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (per curiam) (unpublished opinion) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775-76 (7th Cir. 1994)). "A litigant cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571,

2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

If the Plaintiff files an amended complaint, he must comply with Rules 8 and 10. *See, e.g., Chandler v. Pogue,* 56 Fed. App'x 756 (8th Cir. 2003) (per curiam) (unpublished opinion) (holding district court did not abuse its discretion by dismissing pro se inmate's lengthy complaint for failure to comply with Rules 8 and 10). In addition, and as discussed above, the Plaintiff must identify personal involvement or responsibility by each named defendant for the constitutional violations. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that prisoner must allege a defendant's personal involvement or responsibility for the constitutional violations to state a § 1983 claim); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."). Plaintiff should be mindful to identify each defendant and explain what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right Plaintiff believes the defendant violated.

### IV. CONCLUSION

Plaintiff's Complaint states plausible First Amendment claims regarding the Defendants' restrictions on his telephone use and visitation rights with his girlfriend. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

As to Plaintiff's motions to add claims and defendants to his lawsuit, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states his proposed claims against specific, named defendants. The amended complaint must specify the capacity in which the defendants are sued; must identify each defendant by name; and must set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant.

To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint (Filing 1) and any new allegations. Plaintiff should be mindful to explain what each defendant did to him, when each defendant did it, and how each defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) after he addresses the matters set forth in this Memorandum and Order.

IT IS ORDERED:

1. Plaintiff's Motion to Update Names (Filing 7) is granted, and the Clerk of Court shall change Defendant Larry Sobler's name in the case caption to Larry Sohler.

2. Plaintiff's Motions to Submit Supporting Evidence (Filings 6, 8, 9, 10) and to Add New Defendants (Filing 11), construed as Motions to Amend the Complaint, are granted, and Plaintiff is granted leave to file an amended complaint on or before August 23, 2021. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must identify each defendant by name; state the capacity in which each defendant is sued; and set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when each defendant did it, and how each defendant's actions harmed him. Plaintiff's amended complaint shall comply with Federal Rules of Civil Procedure 8, 10, and 20, as discussed above.

3.  In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4.  The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

5.  The Clerk of the Court is directed to set a pro se case management deadline using the following text: August 23, 2021—amended complaint due.

6.  Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 23rd day of July, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge