IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRALAN DEVONTE JOVONNI DUPREE CARR,<br><br>    Plaintiff,<br><br>    vs.<br><br>PATRICIA TRUE, LARRY SOHLER, JULIE BATENHORST, ANDREW CORBIN, HUNTER LEWIS, ALYSSA COLVER, BONNIE BERGLAND, CHRIS LUEBE, TODD PHELPS, CHERYL HEIMAN, MARSHA SCHWARTZ, and DR. JUVET CH'E,<br><br>    Defendants. | **8:21CV117**<br><br><br>**MEMORANDUM AND ORDER** |

On July 23, 2001, the court issued a Memorandum and Order (Filing 14) after initial review of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2), finding that Plaintiff's Complaint states plausible First Amendment claims regarding the Defendants' restrictions on Plaintiff's telephone use and visitation rights with his girlfriend. The court granted Plaintiff 30 days to file an amended complaint to add various claims and defendants to his lawsuit, as Plaintiff had requested through several motions. (Filings 6, 8, 9, 10, 11.) Plaintiff was warned that "[f]ailure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff." (Filing 14 at CM/ECF p. 10.)

As of the date of this Memorandum and Order, Plaintiff has failed to file an amended complaint. Accordingly, this matter shall proceed only as to Plaintiff's claims that the Defendants, in their individual capacities, violated the First Amendment by imposing upon him (1) an overly restrictive telephone policy that

allowed the Defendants to listen to Plaintiff's telephone calls and (2) a policy prohibiting Plaintiff from visiting with his girlfriend via Skype or in person.

IT IS ORDERED:

1. For service of process on Defendants in their individual capacities in accordance with Neb. Rev. Stat. § 25-511, the Clerk of the Court is directed to complete 12 summons forms and 12 USM-285 forms for Defendants using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509," and forward them together with a copy of the Complaint (Filing 1), a copy of the court's July 23, 2021, Memorandum and Order (Filing 14), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendants in their individual capacities at the office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509.** *See* Federal Rule of Civil Procedure 4(e)(1); Neb. Rev. Stat. § 25-511; Neb. Rev. Stat. § 25-510.02.[1]

2. For service of process on Defendants in their individual capacities, the Clerk of the Court is also directed to complete 12 summons forms and 12 USM-285 forms for such Defendants using the address "Norfolk Regional Center, 1700 North Victory Road, Norfolk, NE 68701" and forward them together with a copy of the

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). See, e.g., *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

Complaint (Filing 1), a copy of the court's July 23, 2021, Memorandum and Order (Filing 14), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve the Defendants personally in their individual capacities at the Norfolk Regional Center, 1700 North Victory Road, Norfolk, NE 68701.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

3. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

4. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

DATED this 31st day of August, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge