IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRALAN DEVONTE JOVONNI DUPREE CARR,<br><br>      **Plaintiff,**<br><br>  vs.<br><br>PATRICIA TRUE, LARRY SOHLER, JULIE BATENHORST, ANDREW CORBIN, HUNTER LEWIS, ALYSSA COLVER, BONNIE BERGLAND, CHRIS LUEBE, TODD PHELPS, CHERYL HEIMAN, MARSHA SCHWARTZ, and DR. JUVET CH'E,<br><br>      **Defendants.** | **8:21CV117**<br><br>**ORDER** |

   This matter comes before the Court on Defendants' Motion for an Order Compelling Discovery Answers and Responses (Filing No. 53) and Plaintiff's Motion to Stay Discovery (Filing No. 55).

   On March 25, 2022, Defendants served Plaintiff with their First Set of Interrogatories and First Set of Requests for Production of Documents by first class mail. As of May 6, 2022, Plaintiff had not responded to Defendants' written discovery requests, requiring Defendants to file this motion to compel. Plaintiff also did not respond to Defendants' motion to compel, but did file a motion to stay asking the Court to stay consideration of Defendants' motion "until the Court rule[s] on Plaintiff['s] motion for continuance filed on April 22, 2022." (Filing No. 55). However, the Court has not received any motion for continuance from Plaintiff and does not know to what document Plaintiff is referring.

   The Court understands Plaintiff may face some challenges responding to discovery as a pro se and incarcerated litigant. But, he nevertheless has a duty to respond to written discovery requests served upon him so that Defendants can assess the merits of his claims and prepare their defenses. See *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."). Answers to interrogatories and responses to requests for production of documents are due 30 days after service, unless the parties agree or the Court orders otherwise. See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Rule 37 of the

Federal Rules of Civil Procedure permits a party to move the Court for an order compelling answers or production when a party fails to respond to written discovery requests. See Fed. R. Civ. P. 37(a)(3)(B). Because Plaintiff has not responded to the written discovery served upon him, the Court will grant Defendants' motion to compel and order Plaintiff to serve his responses to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents by **June 28, 2022**. Plaintiff is warned that failure to comply with this Court's order compelling discovery may result in the Court's award of appropriate sanctions, including dismissal of his action, pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii) and (b)(2)(A). Accordingly,

**IT IS ORDERED**:

1. Defendants' Motion for an Order Compelling Discovery Answers and Responses (Filing No. 53) is granted. Plaintiff shall serve his responses to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents by **June 28, 2022**. Failure to do so may result in the Court's entry of an appropriate sanction against Plaintiff, including dismissal of this action;

2. Plaintiff's Motion to Stay Discovery (Filing No. 55) is denied; and

3. The planning conference set on **September 2, 2022**, at **10:00 a.m.** is canceled. The pretrial and trial settings will be set by the undersigned magistrate judge after the Court rules on all dispositive motions, which must be filed by **October 4, 2022**.

Dated this 31st day of May, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge