IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TRALAN DEVONTE JOVONNI DUPREE CARR,

    Plaintiff,

vs.

PATRICIA TRUE, LARRY SOHLER, JULIE BATENHORST, ANDREW CORBIN, HUNTER LEWIS, ALYSSA COLVER, BONNIE BERGLAND, CHRIS LUEBE, TODD PHELPS, CHERYL HEIMAN, MARSHA SCHWARTZ, and DR. JUVET CH'E,

    Defendants.

**8:21CV117**

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to dismiss and for sanctions under Fed. R. Civ. P. 37(b)(2)(A)(v). Filing No. 57. Defendants request the Court dismiss all of Plaintiff's claims with prejudice. Filing No. 57. Defendants' motion is supported by a text order, Filing No. 52, and a formal order granting Defendants' motions to compel discovery answers and responses. Filing No. 56. Also before the Court is the finding and recommendation (F&R) of the magistrate judge, Filing No. 63. The magistrate judge recommends that the motion for discovery sanctions, Filing No. 57, be granted, in part, and that the above-captioned case be dismissed without prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and (d)(1)(A)(ii). Plaintiff has taken no action beyond filing the initial complaint in this matter and has not responded to orders compelling discovery. Pursuant to Neb. R. Civ. P. 72.2 and 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the record and agrees with the magistrate judge that dismissal of the action without prejudice is the appropriate sanction under Fed. R. Civ. P. 37(b)(2)(A)(v). No objection has been filed to the F&R.

1

**Background**

In March 2021, Plaintiff, TraLan Dupree filed a 42 U.S.C. § 1983 action against defendants, Patricia True, Larry Sohler, Julie Batenhorst, Andrew Corbin, Hunter Lewis, Alyssa Colver, Bonnie Bergland, Chris Luebe, Todd Phelps, Cheryl Heiman, Marsha Schwartz, and Dr. Juvet Ch'e in their individual capacities. Filing No. 1. Plaintiff, a patient at the Norfolk Regional Center Psychiatric Hospital, asserts violations of his First and Fourteenth Amendment civil rights. Filing No. 1 at 3. Plaintiff's complaint alleges that beginning on March 1, 2021, the staff at Norfolk Regional Center subjected him to (1) an overly restrictive telephone policy that allowed Defendants to listen to Plaintiff's telephone calls, and (2) a policy unfairly restricting Plaintiff's visitation with his girlfriend—both via Skype and in-person. Filing No. 1 at 7.

**Procedural History**

Defendants collectively filed an answer in this matter in November 2021. Filing No. 45. By May 2022, the Plaintiff had not participated in any discovery. The defendants requested leave of the Court to file a motion to compel because Plaintiff had yet to respond to written discovery requests. Filing No. 51, text order. The Court granted leave to file a motion to compel, Filing No. 52, which the defendants subsequently filed. Filing No. 53; Filing No. 54. This Court granted the motion to compel, placing a deadline for serving responses to Defendants First Set of Interrogatories by June 28, 2022. Filing No. 56 at 2.

June 28, 2022, came and went and Plaintiff has not responded to the defendants' discovery. The defendants thus filed their motion for discovery sanctions and brief in support on July 11, 2022. Filing No. 57; Filing No. 58. Therein, the defendants maintain

2

that they received no discovery responses as of July 8, 2022. Filing No. 58 at 2. The Magistrate Judge reviewed the record and the defendants' instant motion and recommended that the motion for discovery sanctions be granted, in part, dismissing the Plaintiff's case *without* prejudice. Filing No. 63 at 3.

**Law**

Fed. R. Civ. P. 37 governs a party's failure to cooperate with discovery and grants the Court authority to sanction parties who fail to serve written discovery answers or responses to interrogatories. Fed. R. Civ. P. 37. Available sanctions include dismissing the action. Fed. R. Civ. P. 37(b)(2)(A)(v). When potential sanctions are requested on the basis that a party's "purported violations of discovery orders, courts should ensure that the specific requirements of Fed. R. Civ. P. 37 are met." *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 207 (1958) (reversing a sanction of dismissal for failure to satisfy the requirements of Rule 37). If Rule 37 is satisfied, the justification of a sanction of dismissal requires "(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." *Sentis Grp., Inc., Coral Grp., Inc. v. Shell Oil Co*, 559 F.3d 888, 899 (8th Cir. 2009).

Courts have discretion to impose sanctions where a party has "[failed] to comply with discovery requests. *United States v. Big D Enterprises, Inc.*, 184 F.3d 924, 936 (8th Cir. 1999). "The court's 'discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be "just" and relate to the claim at issue in the order to provide discovery.'" *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986)); *Hairston v. Alert Safety Light*

*Prod., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (review for abuse of discretion). Before imposing the sanction of dismissal, "fairness requires a court to consider whether a lesser sanction is available or appropriate." *Keefer v. Provident Life & Acc. Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000). "The district court is not, however, constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances. *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999). Also, "when a litigant's conduct abuses the judicial process, the remedy of dismissal is within the inherent powers of the court." *Keefer v. Provident Life & Acc. Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000).

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive' matters are covered by § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873–74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of a magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a). The standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). With respect to dispositive motions, a magistrate judge lacks authority to do anything but make recommendations, which are subject to de novo review. *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); 28 U.S.C. § 636(b)(1).

**Discussion**

Plaintiff has clearly failed to comply with the order compelling discovery and has failed to file anything since May 13, 2022. Filing Nos. 56 and 55. The Court has carefully reviewed the magistrate judge's findings and recommendation and finds it is correct as a matter of law and fact. The Court further finds that there are no lesser sanctions available to the plaintiff. The Court will adopt the findings and recommendation in its entirety and dismiss this case without prejudice.

THEREFORE, IT IS ORDERED THAT:

1. The Findings and Recommendation of the magistrate judge, Filing No. 63, is adopted in its entirety.
2. The motion to dismiss, Filing No. 57, is granted to the extent that the case is dismissed without prejudice.

Dated this 25th day of January, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

5